UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

EARL HAYES,                             :

               Plaintiff,        :        08 Civ. 6525 (RMB)(HBP)

    -against-                   :        REPORT AND
                                                 RECOMMENDATION

UNITED STATES OF AMERICA,                :

              Defendant.        :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE RICHARD M. BERMAN, United States

District Judge,

I.   Introduction

        Plaintiff Earl Hayes brings this action pro se seeking

the recovery of $30,999 in United States currency that was seized

from him and subsequently forfeited by the United States Drug

Enforcement Administration ("DEA").  Plaintiff claims that the

administrative forfeiture should be set aside because the DEA did

not provide him with proper notice of the forfeiture proceeding.

The United States moves to dismiss the action.  For the reasons

set forth below, I respectfully recommend that the United States'

motion to dismiss be granted.

II.   <u>Facts</u>[1]

    A.   The Seizure
       <u>of the Funds</u>

    On or about June 12, 2001, officers of the New York
State Police stopped plaintiff outside of Wurtsboro, New York
(Pl.'s Mot. at ¶ 1).  The officers arrested plaintiff, on the
basis of an outstanding warrant for his arrest from the Village
of Monticello, New York, and seized $30,999 from him[2] (Pl.'s Mot.
at ¶¶ 4-7).  The New York State Police officers transported
plaintiff to the Monticello Police Department where he was placed
in a holding cell (Pl.'s Mot. at ¶ 9).  The next morning the
Monticello Police discovered that there was no outstanding
warrant for plaintiff, and they released him.  The Monticello
Police refused, however, to return the $30,999 that they had
seized from plaintiff and informed him that the money was being
held "pending investigation" (Pl.'s Mot. at ¶ 10).  There is no

---

    [1]The facts set forth herein are drawn from plaintiff's
Complaint, which he styles as a Motion for the Return of
Property, dated July 23, 2008 ("Pl.'s. Mot.")(Docket Item 2), the
declaration of John Hieronymus, Esq., dated September 28, 2008
("Hiernoymus Decl.") (Docket Item 12) submitted by the United
States in support of its motion to dismiss, Plaintiff's
Opposition to the Government's Motion to Dismiss, dated January
5, 2009 ("Pl.'s Opp'n") (Docket Item 16), and the Complaint
filed, by plaintiff, in <u>Hayes v. O'Connor</u>, 03 Civ. 1371 (S.D.N.Y
filed Feb. 27, 2003) ("2003 Compl.").

    [2]Plaintiff contends that approximately $300 more was seized
from him.  This dispute is not material to the present motion.

2

dispute that seized funds were subsequently transferred to the DEA.

   B.   <u>The Administrative Forfeiture</u>

      On June 21, 2001, nine days after the $30,999 was seized from plaintiff, the DEA prepared and submitted a forfeiture report to the DEA Forfeiture Counsel (Hieronymous Decl. at ¶ 4(a)).  On August 8, 2001, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of this seizure, by certified mail, to Earl E. Hayes, 370 Main Street, Hurleyville, New York, 12741 (Hieronymous Decl. ¶ 4(b); U.S. Postal Service, Certified Mail Receipt, attached as Ex. 2 to the Hieronymous Decl.).  The notice provided, in pertinent part:

<b><u>NOTICE OF SEIZURE</u></b>

   The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture under Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act.  The seizure date and place, as well as other pertinent information regarding the property are listed above.

   Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway.  You may petition the DEA for return of the property or your interest in it (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court.  **You should review the following procedures very carefully.**
   . . . .

3

**TO CONTEST THE FORFEITURE**

>       In addition to or in lieu of petitioning for remission
> or mitigation, you may contest the forfeiture of the
> seized property in UNITED STATES DISTRICT COURT.  To do
> so, you must file a claim with the Forfeiture Counsel
> of the DEA by **September 12, 2001**.  This claim need not
> be in any particular form.

(Notice from the DEA, dated August 8, 2001, attached as Ex. 1 to

the Hieronymous Decl.).  After three delivery attempts on August

11, August 16 and August 26, the notice was returned to the DEA

marked "unclaimed" (Hieronymous Decl. ¶ 4(b)).  Plaintiff claims

that he did not reside at the Hurleyville, New York address, on

the dates delivery was attempted.  Notice of the forfeiture

proceeding and instructions for making a claim were also pub-

lished in the Wall Street Journal once a week for three consecu-

tive weeks from August 20, 2001 to September 4, 2001 (Hieronymous

Decl. ¶ 4(c); Wall Street Journal, Legal Notice, attached as Ex.

3 to the Hieronymous Decl.).  On October 12, 2001, more than

thirty days after publication of the last notice in the Wall

Street Journal, the DEA administratively forfeited the $30,999 to

the United States (Declaration of Forfeiture, dated October 12,

2001, attached as Ex. 4 to the Hieronymous Decl.).

   C.  Plaintiff's Post-
       Seizure Actions

     Plaintiff claims that over the course of the "few

weeks" following the seizure, he made "repeated calls" to the

4

Monticello police station concerning the seizure but his calls were not returned (Pl.'s Mot. at ¶ 11).  Eventually, plaintiff reached Monticello Police Detective Thomas O'Connor who informed him that his money had been turned over to the United States Drug Enforcement Administration (Pl.'s Mot. at ¶ 12).  O'Connor took plaintiff's Bronx, New York address and informed plaintiff that he should expect to hear from the DEA in the next six to eight weeks (Pl.'s Mot. at ¶ 13).  When plaintiff did not hear from the DEA after six to eight weeks, he "began attempting to ascertain what was going on by writing and calling to Washington D.C." (Pl.'s Mot. at ¶ 14; Pl.'s Opp'n at 11).  Although plaintiff's initial pleading states that his attempts in 2001 to communicate with the DEA proved "futile" (Pl.'s Mot. at ¶ 14), other evidence -- including plaintiff's own submissions -- demonstrates that plaintiff did have meaningful communication with the DEA in 2001 and 2002 concerning the seized funds.

In a complaint filed in 2003 against various members of the Monticello Police Department and the New York State Police concerning the same events that gave rise to this action, plaintiff alleged that four or five weeks after he last spoke with O'Connor, plaintiff began calling the DEA offices in New York City and Washington, D.C. (2003 Compl. at 2; see also Hayes v. O'Connor, 03 Civ. 1371 (SHS)(HBP), 2004 WL 2334078 at *2 (S.D.N.-Y. Oct. 14, 2004)).  Although plaintiff is vague concerning the

dates, he does state that he succeeded in reaching a DEA agent
who was "receptive to [plaintiff's] plight" and who advised
plaintiff to write to the DEA's Asset Forfeiture Section in
Quantico Virginia (2003 Compl. at 2; Hayes v. O'Connor, supra,
2004 WL 2334078 at *21; see also Pl.'s Opp'n at 13).  Thus, it
appears that plaintiff was told to contact the DEA's forfeiture
section concerning the seized funds some time in the late summer
of 2001.

　　　　The record does not contain any further information
concerning plaintiff's communication with the DEA until September
2002.  On September 13, 2002, plaintiff wrote to the DEA's
Forfeiture Section, requesting the return of the seized funds
(Plaintiff's Letter dated September 13, 2002, attached as Ex. 5
to the Hieronymous Decl.).  Plaintiff's letter contained the
correct DEA case number and asset identification number (compare
Declaration of Forfeiture, dated October 21, 2001, attached as
Ex. 4 to the Hieronymous Decl. with Plaintiff's Letter dated
September 13, 2002, attached as Ex. 5 to the Hieronymous Decl.).
Thus, at least as of September 13, 2002, plaintiff had actual
knowledge that his funds had been remitted to the DEA and had
been the subject of forfeiture proceedings.

　　　　Throughout the fall of 2002, plaintiff exchanged
correspondence with DEA's Asset Forfeiture Section; plaintiff
repeatedly demanded the return of the money, and the DEA repeat-

edly told plaintiff the money had been forfeited in October 2001
and that the time to file a claim challenging the seizure or a
petition in remission had expired (Correspondence between Plain-
tiff and the DEA's Forfeiture Section, attached as Exs. 5-14 to
the Hieronymous Decl.).  Plaintiff never expressly inquired
whether there was any mechanism to challenge the outcome of the
forfeiture proceeding, and the DEA never provided any advice
concerning such a challenge.

          As noted above, plaintiff filed an action on February
27, 2003 alleging that his constitutional rights had been vio-
lated by the New York State Police officers that had arrested him
and seeking to recover damages pursuant to 42 U.S.C. § 1983.  The
Honorable Sidney H. Stein, United States District Judge, dis-
missed plaintiff's claims as barred by the Eleventh Amendment and
the doctrine of qualified immunity.  Hayes v. O'Connor, supra,
2004 WL 2334078 at *3-*7.

          Plaintiff subsequently commenced this action by filing
a Motion for the Return of Property on July 23, 2008 (Docket Item
2).  The United States has moved to dismiss plaintiff's motion
arguing that (1) plaintiff's motion is barred by the five-year
limitations period applicable to claims under 18 U.S.C. § 983(e)
and (2) plaintiff is not entitled to relief under Section 983(e)
because he has failed to demonstrate that "he did not have
knowledge of the seizure or actual notice of the administrative

forfeiture" prior to the expiration of the 30 day time period in which a claim had to be filed with the DEA (United States' Memorandum of Law in Support of its Motion to Dismiss Plaintiff Earl Hayes' Motion for the Return of Property, dated October 27, 2008 ("Def.'s Mem.") (Docket Item 11) at 6-8).

III.  Analysis

    A.  Nature of the Proceeding and the
       Nature of the United States' Motion

Plaintiff's initial pleading in this matter is entitled "Motion for Return of Property" and does not reference any provision of the Federal Rules of Criminal Procedure or any federal statute.

It appears that plaintiff's "Motion for Return of Property" is intended to be a motion to reopen an administrative forfeiture action pursuant to 18 U.S.C. § 983(e).  That subsection provides:

> **(e) Motion to set aside forfeiture.--**
>
> > (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
> >
> > > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

(2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

(B) Any proceeding described in subparagraph (A) shall be commenced--

(i) if nonjudicial, within 60 days of the entry of the order granting the motion; or

(ii) if judicial, within 6 months of the entry of the order granting the motion.

(3) A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

(4) If, at the time a motion made under paragraph (1) is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.

(5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

Since Section 983(e) appears to fit plaintiff's application in all respects, I construe his motion to be a motion under Section 983(e).

The precise nature of the United States' application is also unclear.  The United States styles its motion as a motion to dismiss, but does not refer to any provision of the Federal Rules of Civil Procedure.  In addition, the United States has submitted a declaration and exhibits in support of its motion, suggesting that the United States is not moving pursuant to Fed.R.Civ.P. 12(b)(6).  Because (1) the United States has submitted material that goes beyond plaintiff's initial pleading, (2) plaintiff refers and relies on the United States' exhibits in his opposition papers (see Pl.'s Opp'n at 3), and (3) plaintiff's opposition memorandum asserts new facts which I have considered in resolving the motion,[3] I construe the United States' motion to be a motion for summary judgment.

B.  <u>Summary Judgment Standards</u>

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no
> genuine issue of material fact and the moving party is

---

[3]I am aware that in resolving a summary judgment motion, it is generally inappropriate to consider facts asserted in a memorandum of law that are not otherwise supported by evidence. <u>See</u> <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.</u>, 404 F.3d 566, 574 (2d Cir. 2005).  However, in light of plaintiff's <u>pro</u> <u>se</u> status and the absence of prejudice to the United States, I consider the facts asserted by plaintiff as a matter of discretion and to minimize the likelihood of a remand to permit plaintiff to submit an affidavit attesting to the additional facts.

entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence of an essential element of her case -- one on which she has the burden of proof -- exists.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  This form of remedy is inappropriate when the issue to be resolved is both genuine and related to a disputed material fact.  An alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990). Moreover, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.C. 2505, 91 L.Ed.2d 202 (1986).

If the movant demonstrates an absence of a genuine issue of material fact, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with "specific facts showing that there is a genuine issue for trial."  Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993).  If the non-movant fails to meet this burden, summary judgment will be granted against it.

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004); accord Binder & Binder PC v. Barnhart, 481 F.3d 141, 148 (2d Cir. 2007); Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005); Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1223-24 (2d Cir. 1994).  "The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists . . . .  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor

11

of, the non-movant . . . .  Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'"  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted); accord Jeffreys v. City of New York, supra, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.")(citations omitted); see also Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004); Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

## C.  CAFRA's Pertinent Provisions

Before addressing the parties' specific arguments, it is helpful to understand the pertinent provisions of the Civil Assets Forfeiture Reform Act of 2000 ("CAFRA").

The relevant statutory provisions are set forth in 18 U.S.C. § 983(a)(2) & (3).  These subparagraphs provide:

> (2)(A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

> (B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

(C) A claim shall--

    (i) identify the specific property being claimed;

    (ii) state the claimant's interest in such property; and

    (iii) be made under oath, subject to penalty of perjury.

(D) A claim need not be made in any particular form.  Each Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request, which forms shall be written in easily understandable language.

*        *        *

(3)(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not--

    (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

    (ii) before the time for filing a complaint has expired--

        (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

        (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

13

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

The foregoing provisions were explained by the Honorable Thomas P. Griesa, United States District Judge:

[U]nder the applicable law, a person against whom forfeiture proceedings are brought may file a claim contesting the forfeiture with the Forfeiture Counsel of the DEA within the time specified in the notice of seizure. <u>If this is done the administrative forfeiture proceedings are halted, and the matter is transferred to the United States Attorney, who must institute forfeiture proceedings in court.</u>

If the person fails to timely file a claim, the property is administratively forfeited. However, the person may petition for remission or mitigation of forfeiture within 30 days of receipt of the notice.

<u>Aquasviva v. United States Drug Enforcement Admin.</u>, 02 Civ. 3076 (TPG), 2004 WL 1900341 at *1 (S.D.N.Y. Aug. 24, 2004)(emphasis added); <u>see also</u> <u>United States v. Funds in the Amount of Forty Thousand Dollars</u>, No. 03 C 8220, 2004 WL 2191576 at *3 (N.D. Ill. Sept. 28, 2004).

Even after a forfeiture proceeding has been completed, CAFRA provides a mechanism for an interested party to challenge a seizure on the ground that the appropriate notice was not provided. As set forth at pages 8-9, above, after seized property has been forfeited, a claimant with an interest in the seized property may set aside the forfeiture and litigate his claim to the property if he can establish: (1) "the Government knew, or

14

reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice," and (2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."  18 U.S.C. § 983(e)(1).

        1.   Timeliness of
            <u>Plaintiff's Claim</u>

The United States' first argument is that plaintiff's application is barred by the five-year statute of limitations applicable to applications made under subsection 983(e) (Def.'s Mem. at 6).  Under CAFRA, a claimant asserting lack of notice must file his claim within five years of "the date of final publication of notice of seizure of the property."  18 U.S.C. § 983(e)(3); <u>Ramirez de Sarrazola v. U.S. Dept. of Justice</u>, 05 CV 337 (RJD)(LB), 2006 WL 1806506 at *3 (E.D.N.Y. June 29, 2006). The final notice of seizure of plaintiff's funds was published in the <u>Wall Street Journal</u> on September 4, 2001 (<u>Wall Street Journal</u>, Legal Notice, attached as Ex. 3 to the Hieronymous Decl.). Because this action was not commenced before September 4, 2006, it is time-barred.

Plaintiff does not dispute that he commenced this action outside of the limitations period but he "urges the court to invoke the equitable tolling doctrine" to save his claim (Pl.'s Opp'n at 3).  Plaintiff argues that the following consid-

erations warrant tolling the statute of limitations:  (1) he diligently pursued his rights by repeatedly calling and writing to the DEA and ultimately by filing his prior § 1983 lawsuit; (2) "the government only told the plaintiff about the options that had already expired and it never bothered to tell the plaintiff that he could seek recourse by filing a motion pursuant to CAFRA" (Pl.'s Opp'n at 3, 4).

        "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000).  In order to be entitled to an equitable toll, the party asserting the toll must demonstrate that he acted with diligence during the time period he seeks to have tolled.  Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008); Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002).  The party attempting to invoke an equitable toll bears the burden of

16

proving that such a toll is appropriate.  Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

Assuming that the application of equitable tolling to a motion under subsection 983(e) does not offend the principal of sovereign immunity, see generally Polanco v. United States Drug Enforcement Admin., 158 F.3d 647, 652 (2d Cir. 1998); Long v. Frank, 22 F.3d 54, 58 (2d Cir. 1994), plaintiff has failed to satisfy either of the requirements for an equitable toll or even to show that there is an issue of fact as to either requirement.

Plaintiff claims that the extraordinary circumstance that prevented him from asserting a challenge in a timely manner was the DEA's failure to advise him of the provisions of subsection 983(e).[4]  Plaintiff, however, fails to identify any rule of law that required the DEA to provide such notice to plaintiff. The "failure" of the United States to do something it had no obligation to do cannot constitute an extraordinary circumstance sufficient to justify an equitable toll.

---

[4]Although the DEA did accurately advise plaintiff that the forfeiture proceeding was "closed," (See Correspondences from Robert Porzeinski, Esq. to plaintiff, dated October 03, 2002 and December 2, 2002, attached as Exs. 6, 9 to the Hieronymus Decl.), plaintiff does not even contend that the DEA ever advised him that there was no judicial mechanism to challenge the seizure.  I do not doubt that it would have been improper for the DEA to mislead plaintiff.  However, in the absence of a duty to disclose, non-disclosure of potential remedies to an adverse party in a civil forfeiture proceeding is simply not the equivalent of misrepresentation.

To the extent plaintiff relies on his ignorance of a subsection 983(e) application as the extraordinary circumstance that prevented him from proceeding in a timely manner, it is well established that ignorance of the law will not support an equitable toll.  Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995) ("pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them"); Myrick v. Bradt, 08-CV-4972 (RJD), 2009 WL 210868 at *2 (E.D.N.Y. Jan. 28, 2009) (collecting cases); Bowers v. Napoli, 09-CV-2980 (CBA), 2008 WL 3851577 at *1 (E.D.N.Y. Apr. 18, 2008) ("[I]gnorance of the law is not a basis for equitable tolling."); Wong v. Healthfirst. Inc., 04 Civ. 10061 (DAB), 2006 WL 2457944 at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not warrant equitable tolling of a statute of limitations."); Ayala v. Fischer, 04 Civ. 3404 (LAK), 2004 WL 2435523 at *1 (S.D.N.Y. Nov. 2, 2004); Williams v. Breslin, 03 Civ. 1848 (RWS), 2004 WL 2368011 at *6 (S.D.N.Y. Oct. 20, 2004).

In addition, plaintiff has not shown that he acted with diligence throughout the period he wishes to toll.  Plaintiff's own correspondence establishes that as of September 2002 he had actual knowledge that the DEA had administratively forfeited the currency, and even knew the internal DEA reference numbers for the case (Plaintiff's Letter dated September 13, 2002, attached as Ex. 5 to Hieronymus Decl.)  As of that time, plaintiff still

18

had approximately four years to take action against the DEA
before the limitations period expired.  Nevertheless he took no
action with respect to the DEA until 2008, and makes no effort to
show continued diligence through 2008.  This inactivity extending
over at least four years simply does not constitute diligence.

          Plaintiff also appears to be arguing that his action is
timely under the court's equitable jurisdiction (Pl.'s Opp'n at
11-14).  Although it is not clear, plaintiff appears to be
relying on the pre-CAFRA holding in Polanco v. United States Drug
Enforcement Admin., supra, 158 F.3d at 651-53 that (1) United
States District Courts had jurisdiction pursuant to 29 U.S.C. §
1331 (federal question jurisdiction) to entertain equitable
actions challenging civil forfeiture proceedings on the ground
that the claimant had not been given adequate notice, (2) such
claims were subject to a six-year limitations period, and the
six-year limitations period could be equitably tolled.  The Court
of Appeals for the Second Circuit never clearly settled whether
the six-year limitations period applicable to such actions ran
from the termination of the forfeiture proceeding or the date on
which a plaintiff knew or had reason to know that his property
had been forfeited without adequate notice.  Adames v. United
States, 171 F.3d 728, 731-32 (2d Cir. 1999).  Thus, if such a
claim were still viable and the six-year limitations period were
measured from the date of plaintiff's actual or constructive

19

knowledge of the allegedly unconstitutional forfeiture, there may be a question of fact as to the timeliness of plaintiff's claim.

Paragraph 5 of subsection 983(e) expressly states that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Given this language, I conclude that the equitable action recognized in Polanco is superseded by the mechanism set forth in subsection 983(e) to challenge forfeitures on the basis of lack of notice. See United States v. Triplett, 240 Fed. Appx. 736, 736-37 (8th Cir. 2007) ("Under CAFRA, a person who does not receive notice in a nonjudicial civil forfeiture may move to set aside the forfeiture, but such motion . . . is the exclusive remedy to set aside a declaration of forfeiture."); Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005) ("CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); Bermudez v. City of New York Police Dep't, 07 Civ. 9537 (HB), 2008 WL 3397919 at *3 (S.D.N.Y. Aug. 11, 2008) ("The exclusive remedy for a claimant seeking return of forfeited property based on lack of notice is § 983(e) of the Civil Asset Forfeiture Reform Act of 2000."); Guzman v. United States, 05 Civ. 4902 (LBS), 2005 WL 2757544 at *1 (S.D.N.Y. Oct. 24, 2005) (In enacting CAFRA, "Congress has attempted to create a single avenue for challenging a forfeiture of property seized by the

federal government."); <u>see</u> <u>also</u> <u>United States v. Stokes</u>, 191 Fed.
Appx. 441, 444 (7th Cir. 2006); <u>United States v. Cobian</u>, CR-F-04-
5066 (OWW), 2008 WL 5397141 at *3 (E.D. Cal. Dec. 23, 2008);
<u>Adeyi v. United States</u>, 06 CV 3842 (ARR)(LB), 2008 WL 793595 at
*7 (E.D.N.Y. Mar. 25, 2008); <u>Centeno v. United States</u>, 05 Civ.
8794 (RMB)(GWG), 2006 WL 2382529 at *2 (S.D.N.Y. Aug. 17, 2006).
Continued recognition of the equitable action recognized in
<u>Polanco</u> would violate subsection 983(e)'s express role as the
exclusive remedy for challenges to forfeitures based on lack of
notice.  In addition, the remedy recognized in <u>Polanco</u> was
subject to a limitation period one year longer than the limita-
tions period Congress established for subsection 983(e) and is,
therefore, inconsistent with remedy provided in subsection
983(e).  Given the comprehensive nature of the proceeding estab-
lished in subsection 983(e) and Congress's express designation of
it as the exclusive remedy for claims of lack of notice, I
conclude that plaintiff can no longer avail himself of the
equitable action recognized in <u>Polanco</u>.

Accordingly, because (1) plaintiff did not assert his
claim of lack of notice until more than five years after the last
publication of the notice of forfeiture and (2) plaintiff has not
even established the existence of a question of fact as to the
applicability of the doctrine of equitable tolling, I conclude
that plaintiff's claim is time barred.

2.   The United States'
     Remaining Argument

Although I believe the foregoing discussion adequately disposes of the United States' motion, I shall go on to address the United States' remaining argument to minimize the possibility of a remand in the event that your Honor disagrees with my conclusion concerning the timeliness of the action.

The United States' second argument is addressed to the merits of plaintiff's claim.  Plaintiff argues that the forfeiture should be set aside because the United States failed to take "reasonable steps" to provide him with notice of the forfeiture action.  Specifically, plaintiff contends that once the United States learned that the certified letter had been returned unclaimed, it was obligated to take the additional steps of (1) contacting the Monticello Police Department and seeking alternative contact information or (2) running "plaintiff's name through the DMV drivers license and/or registered vehicles database." (Pl.'s Opp'n at 6).  See Jones v. Flowers, 547 U.S. 220, 234-36 (2006).  Plaintiff asserts that had the United States taken either of these steps, it would have obtained his correct address and been able to provide him with proper notice.

The United States does not explain why it mailed the notice of forfeiture to the Hurleyville, New York address nor does it detail what, if any, additional steps it took to locate

22

plaintiff after learning that the Hurleyville address was not valid.  Instead, the United States argues even if it did fail to take reasonable steps to provide notice to plaintiff, plaintiff had "actual notice of the forfeiture action" prior to the October 3, 2001 deadline for filing a claim and, therefore, the alleged inadequacy of the United States' efforts to provide notice to plaintiff is immaterial (Def.'s Mem. at 8).  See United States v. In re One 1987 Jeep Wrangler Automobile VIN # 2BCCL8132HBS12835, 972 F.2d 472, 482 (2d Cir. 1992) (lack of notice did not violate the due process clause because plaintiff had actual notice), citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-316 (1950); Lopes v. United States, 862 F. Supp. 1178, 1188 (S.D.N.Y. 1994).

Courts are divided on the issue of whether a party challenging a seizure on the ground of lack of notice is required to show lack of knowledge of the seizure or lack of knowledge of the forfeiture proceedings.  Compare Volpe v. United States, 543 F. Supp.2d 113, 118-19 (D. Mass. 2008)("the court must determine whether the government provided appropriate notice of the seizure and the forfeiture proceedings"); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 38 (1st Cir. 2001)(holding that pre-CAFRA "the actual knowledge required to defeat a notice-based due process challenge is advance notice-in-fact of forfeiture pro-ceedings, as opposed to notice-in-fact of seizure.") with United

23

States v. Russell, 04-CR-150 (MHT), 2006 WL 2786883 at *3 (M.D.
Ala. Sept. 27, 2006) (plaintiff could not meet the requirements
of Section 983(e) because "he was aware that the officers took
the shoe box with the drugs and money from the table in the hotel
room which he had just exited"); Harrington v. United States Drug
Enforcement Agency, 05-CV-206 (WOB), 2006 WL 897221 at *4 (E.D.
Ky. April 6, 2006); Johnson v. United States, 03-CV-00281 (LJM),
2004 WL 2538649 at *4 (S.D. Ind. Oct. 22, 2004); H.R. REP.
105-358(I) (1997)("The claimant could not seek relief under
[subsection 983(e)] if, notwithstanding the defect in the Govern-
ment's compliance with the notice provision, the claimant had
actual notice of the seizure from some other source, or was
actually present when the property was seized and knew that it
would be forfeited.").  Pre-CAFRA decisions by the Court of
Appeals for the Second Circuit suggest that Due Process requires
notice of the forfeiture proceeding and that notice of the
seizure itself is insufficient.  See Boero v. Drug Enforcement
Admin., 111 F.3d 301 (2d Cir. 1997) (directing return of funds
seized from plaintiff's person where notice of forfeiture pro-
ceeding was found to be inadequate); see also Bermudez v. New
York City Police Dep't, supra, 2008 WL 3397919 (setting aside
forfeiture of money seized from claimant's person by New York
City Police Department where claimant not adequately notified
that funds had been transferred to the DEA for forfeiture).  For

24

purposes of resolving the present motion, I shall assume that
notice of the seizure is insufficient and that notice of the
forfeiture proceeding is necessary to satisfy Due Process.

     In this case, plaintiff clearly had knowledge of the
seizure because he was present at the time the funds were seized.
The record does not, however, clearly establish when plaintiff
had notice of the forfeiture proceedings.  Although plaintiff's
September 13, 2002 correspondence to the DEA establishes actual
knowledge of the forfeiture proceedings by that date, (Plain-
tiff's Letter dated September 13, 2002, attached as Ex. 5 to the
Hieronymous Decl.), it is not clear when plaintiff first acquired
such knowledge or whether he acquired such knowledge in time to
file a claim prior to the forfeiture. (see Pl.'s Opp'n at 7-8).
Although the record suggests that plaintiff first had knowledge
of the forfeiture proceedings sometime in 2001, the   precise
date on which plaintiff acquired such knowledge is unclear.

     Thus, assuming that an application under subparagraph
983(e)(1) requires a showing that (1) the United States failed to
take adequate steps to provide notice to interested parties and
(2) that a claimant lacked adequate notice of the forfeiture
proceedings, I conclude that the United States would not be
entitled to summary judgement with respect to its second argument
because there are questions of fact concerning the reasonableness
of the United States' efforts to provide notice and when plain-

tiff had actual knowledge of the forfeiture proceedings.  See
Wechsler v. Steinberg, 733 F.2d 1054, 1058 (2d Cir. 1984) (ques-
tions of knowledge and intent usually inappropriate for decision
on summary judgment); see also Island Software & Computer Serv.,
Inc. v. Microsoft Corp., 413 F.3d 257, 264 (2d Cir. 2005);
Robertson v. Seidman & Seidman, 609 F.2d 583, 591 (2d Cir. 1979).

IV.  Conclusion

        For all the foregoing reasons, I respectfully recommend
that the United States' motion should be granted on the ground
that this action is untimely.  If your Honor disagrees and finds
that this action is timely, I recommend that summary judgment be
denied with respect to the United States' second argument because
there are genuine issues of material fact.

V.  Objections

        Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2)
of the Federal Rules of Civil Procedure, the parties shall have
ten (10) days from the date of this Report and Recommendation to
file written objections.  See also Fed.R.Civ.P. 6(a) and 6(d).
Such objections (and responses thereto) shall be filed with the
Clerk of the Court, with courtesy copies delivered to the cham-
bers of the Honorable Richard M. Berman, United States District
Judge, 500 Pearl Street, Room 650, New York, New York 10007, and

to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Berman.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         February 18, 2008

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge



Copies Mailed To:

Mr. Earl Hayes
DIN 07-A-4800
Lyon Mountain Correctional Facility
3864 Route 374
Lyon Mountain, New York  12952

Amy R. Lester, Esq.
United States Attorney's Office,
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007

27