

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARL HAYES,

                         Plaintiff,     :     08 CV 6525 (RMB) (HBP)

    - against -     :     **DECISION & ORDER**

UNITED STATES OF AMERICA,

                         Defendant.
------------------------------------------------------------X

## I. Background

On or about July 23, 2008, Earl Hayes ("Plaintiff" or "Hayes"), proceeding pro se, filed a Motion for Return of Property ("Plaintiff's Motion") against the United States of America ("Defendant") alleging, among other things, that approximately $30,999.00 of United States currency seized from Plaintiff during his arrest in 2001 "by members of the New York State Police" was "turned over to the [United States] Drug Enforcement Administration ['DEA']" and subsequently forfeited. (Pl.'s Mot. at 1, ¶ 15.) Plaintiff asserts that Defendant "was not justified in . . . commencing forfeiture proceedings without providing [Plaintiff] with notice" and seeks, among other things, an Order directing Defendant to return the money, plus "fair interest." (Id. at 5, ¶ 21.)[1]

---

[1] United States Magistrate Judge Henry B. Pitman, to whom the matter had been referred, construed Hayes' application as "a motion to reopen an administrative forfeiture action" pursuant to the Civil Assets Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. §§ 983, et seq., because CAFRA "appears to fit [P]laintiff's application in all respects." (Report and Recommendation, dated Feb. 18, 2009 ("Report"), at 9); see also Centeno v. United States, No. 05 Civ. 8794, 2006 U.S. Dist. LEXIS 57393, at *8 (S.D.N.Y. Aug. 17, 2006), adopted by, 2006 U.S. Dist. LEXIS 68635 (S.D.N.Y. Sept. 22, 2006).

1

On or about October 27, 2008, Defendant filed a motion to dismiss Plaintiff's claims, arguing, among other things, that (i) Plaintiff's claims are untimely because Plaintiff failed to "move for the return of his property [within] 5 years after the date of final publication of notice of seizure of the property"; and (ii) Plaintiff's claims fail because Plaintiff "had knowledge of the seizure and actual notice of the administrative forfeiture of the money to the DEA." (Def.'s Mem. in Supp. of Mot. to Dismiss, dated Oct. 27, 2008, at 1, 6 (internal quotations and citations omitted).)[2]

On or about January 5, 2009, Plaintiff filed an opposition arguing, among other things, that (i) the Court should "invoke the equitable tolling doctrine" because "[P]laintiff has been diligently attempting to recover his property" and Defendant "never bothered to tell [P]laintiff that he could seek recourse by filing a motion pursuant to [CAFRA]"; and (ii) under CAFRA, "knowledge of the seizure is not equivalent to notice that forfeiture is pending." (Pl.'s Opp'n to Def's Mot., dated Jan. 5, 2009, at 3, 8.)

On or about February 18, 2009, Judge Pitman issued a thorough Report recommending that Defendant's motion be granted and the case dismissed because, among other reasons: (1) "Plaintiff does not dispute that he commenced this action outside of [CAFRA's five-year] limitations period"; and (2) "[P]laintiff has failed to satisfy either of the requirements for an equitable toll or even to show that there is an issue of fact as to either requirement." (Report at 15, 21.) Judge Pitman also recommended that, if this Court were to find the Complaint timely, summary judgment in favor of Defendant should be denied "because there are genuine issues of

---

[2] Judge Pitman also construed Defendant's motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because, among other reasons, Defendant "has submitted material that goes beyond [P]laintiff's initial pleading." (Report at 10.)

material fact" regarding "when [P]laintiff had notice of the forfeiture proceedings" under CAFRA. (Report at 26.)

On or about March 9, 2009, Plaintiff filed timely objections to the Report ("Objections"), arguing, among other things, that equitable tolling should be applied to Plaintiff's claims because "[P]laintiff diligently sought redress against the wrong party/parties in the wrong forum during a 26-month period of the applicable statute of limitations." (Objections at 1, 4.) On or about June 11, 2009, Plaintiff filed a supplement to his Objections ("Supplemental Objections").

**For the reasons set forth below, the Court adopts the Report in its entirety and the above-captioned matter is dismissed.**

## II.   Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

When, as here, the party opposing summary judgment is pro se, the Court will read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation and citation

omitted); see also Jonas v. Int'l Airline Employees F.C.U., No. 03 Civ. 3374, 2006 U.S. Dist. LEXIS 34150, at *5–6 (S.D.N.Y. May 19, 2006).

### III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the record, the Report, Plaintiff's Objections and Supplemental Objections, and applicable legal authorities, and adopts the recommendation of Judge Pitman that Plaintiff's action be dismissed as untimely. See Fed. R. Civ. P. 72(b)(3); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[3]

### (1) Statute of Limitations

Judge Pitman properly concluded that Plaintiff's claims are time-barred under CAFRA's five-year statute of limitations because "[t]he final notice of seizure was published in the Wall Street Journal on September 4, 2001" and "this action was not commenced before September 4, 2006." It was filed approximately 22 months too late. (Report at 15); see 18 U.S.C. § 983(e)(3); Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007) (Plaintiff's "claim [is] time-barred under CAFRA's five-year statute of limitations" because "more than five years elapsed" after the final publication of notice of seizure "before [Plaintiff] filed his claim"); Guzman v. United States, No. 05 Civ. 4902, 2005 U.S. Dist. LEXIS 24883, at *5 (S.D.N.Y. Oct. 24, 2005) (Plaintiff's claims "barred by CAFRA's five-year limitation" where claims were filed more than five years after "the date of the final publication of notice of seizure of property"); see also United States v. Triplett, 240 Fed. Appx. 736, 736 (8th Cir. 2007) (per curiam).

---

[3] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

**(2)    Equitable Tolling**

Judge Pitman properly concluded that "[P]laintiff has failed to satisfy either of the requirements for an equitable toll or even to show that there is an issue of fact as to either requirement." (Report at 17); see Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) ("To warrant equitable tolling, [Plaintiff] must show [i] that he has been pursuing his rights diligently, and [ii] that some extraordinary circumstance stood in his way.") (internal quotations and citation omitted); see also Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) ("[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights.") (internal quotations and citations omitted).

Judge Pitman properly determined that "Plaintiff's own correspondence establishes that as of September 2002 he had actual knowledge that the DEA had administratively forfeited the currency" but Plaintiff "took no action with respect to the DEA until 2008." (Report at 18–19); see also Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 (2d Cir. 1993).

Judge Pitman also properly determined that because Defendant "had no obligation" to advise Plaintiff of his remedies under CAFRA, the "'failure' of the [Defendant] to do something it had no obligation to do cannot constitute an extraordinary circumstance sufficient to justify an equitable toll." (Report at 17); see also Alaniz v. U.S. Sec'y of Agric., 30 Ct. Int'l Trade 1782, 1786 (2006) (government "not required to inform [P]laintiff" of procedures concerning "the running of the [statute of] limitations period") (citing Former Employees of Sunoco Prods., Co. v. Chao, 372 F.3d 1291, 1299 (Fed. Cir. 2004)); Hedges v. United States, 404 F.3d 744, 752 (3d Cir. 2005) (Plaintiff "cites no cases for the proposition that the Government has an affirmative

5

duty to inform litigants, including pro se litigants, that they have viable judicial [or] administrative remedies" and the court is "unwilling to place such a responsibility on the Government"). And, Judge Pitman correctly determined that "[t]o the extent [P]laintiff relies on his ignorance of [CAFRA] . . . it is well established that ignorance of the law will not support an equitable toll." (Report at 18); see Ruiz v. Poole, 566 F. Supp. 2d 336, 338 (S.D.N.Y. 2008) ("ignorance of the law is not grounds for equitable tolling"); Wong v. Healthfirst, Inc., No. 04 Civ. 10061, 2006 U.S. Dist. LEXIS 62692, at *4 (S.D.N.Y. Aug. 23, 2006).

Because the Court adopts Judge Pitman's recommendation that Plaintiff's claims be dismissed as untimely, (see Report at 26), the Court need not address whether Plaintiff's claims also fail on their merits. See Young v. Gen. Motors Inv. Mgmt. Co., 550 F. Supp. 2d 416, 420 (S.D.N.Y. 2008) ("Because the Court finds that a sufficient basis exists for dismissal of Plaintiffs' complaint on statute of limitations grounds, it need not address the merits of their claims."), aff'd, 2009 U.S. App. LEXIS 9792 (2d Cir. May 6, 2009).

### IV. Conclusion

For the reasons stated therein and herein, the Court adopts Judge Pitman's Report [#20] in its entirety and dismisses the Complaint [#2]. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
        June 29, 2009

_____
RICHARD M. BERMAN, U.S.D.J.